UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOFFREY FITZGERALD WILSON,<br><br>Plaintiff,<br><br>v.<br><br>TANNAZ H. AZINKHAN, Ph.D., et al.,<br><br>Defendants. | Case No. CV 16-8092 JVS(JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I. BACKGROUND AND SUMMARY

On October 31, 2016, plaintiff Geoffrey Fitzgerald Wilson, who is at liberty, is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Original Complaint") pursuant to 42 U.S.C. § 1983 against multiple defendants. On July 25, 2017, this Court screened the Original Complaint, notified plaintiff of multiple deficiencies therein, and dismissed the Original Complaint with leave to amend ("July Order").

On September 7, 2017, plaintiff filed a First Amended Complaint. On November 20, 2017, this Court screened the First Amended Complaint, notified plaintiff of multiple deficiencies therein, dismissed the First Amended Complaint with leave to amend and directed plaintiff, within fourteen (14) days, to file a Second Amended Complaint or a signed Notice of Dismissal ("November Order").

1

1  The November Order further expressly cautioned plaintiff in bold-faced print that
2  the failure timely to file a Second Amended Complaint or a Notice of Dismissal
3  may be deemed plaintiff's admission that amendment is futile and may result in the
4  dismissal of this action, with or without prejudice, on the grounds set forth in the
5  November Order, on the ground that amendment is futile, for failure diligently to
6  prosecute, and/or for failure to comply with the November Order.

7  As the foregoing deadline expired without the filing of a Second Amended
8  Complaint or a Notice of Dismissal, the assigned United States Magistrate Judge
9  issued an Order to Show Cause Re Dismissal ("Order to Show Cause") on
10 December 20, 2017, directing plaintiff to show cause in writing, on or before
11 December 27, 2017, why plaintiff's failure timely to file a Second Amended
12 Complaint or a Notice of Dismissal should not be deemed plaintiff's admission that
13 amendment is futile, and why this action should not be dismissed on the grounds
14 set forth in the November Order, on the ground that amendment is futile, based
15 upon plaintiff's failure to prosecute, and/or based upon plaintiff's failure to comply
16 with the November Order.  The Order to Show Cause further expressly cautioned
17 plaintiff in bold-faced print that failure to comply with the Order to Show Cause
18 and/or to show good cause, may be deemed plaintiff's admission that amendment
19 is futile and may result in the dismissal of this action on the ground that
20 amendment is futile, on the grounds set forth in the November Order, based upon
21 plaintiff's failure to prosecute this action, and/or based upon plaintiff's failure to
22 comply with the Court's orders.

23 **II.    DISCUSSION**

24 Based upon the record and the applicable law, and as further discussed
25 below, the Court dismisses this action due to plaintiff's failure to state a claim
26 upon which relief can be granted, his failure to comply with the November Order
27 and the Order to Show Cause and his failure diligently to prosecute.
28 ///

First, as explained in detail in the November Order, the First Amended Complaint failed to state a claim upon which relief may be granted. The November Order explained in detail what plaintiff needed to do to cure the deficiencies in his pleading, granted plaintiff ample leave to file a Second Amended Complaint to the extent he was able to cure the multiple pleading deficiencies identified, and warned plaintiff that the action would be dismissed if he failed timely to file such an amendment. Since plaintiff did not file a Second Amended Complaint despite having been given an opportunity to do so, and did not respond to the Order to Show Cause, the Court can only conclude that plaintiff is simply unable or unwilling to draft a complaint that states viable claims for relief and deems such failure an admission that amendment is futile. See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 135 S. Ct. 57 (2014). Accordingly, dismissal of the instant action based upon plaintiff's failure to state a claim is appropriate.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the November Order and the Order to Show Cause, and the failure diligently to prosecute. It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or

be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).[1] Here, as at least the first three factors strongly support dismissal, the Court finds that plaintiff's unreasonable failure to prosecute his case and failure to comply with the November Order and the Order to Show Cause warrant dismissal.

## III. ORDER

IT IS THEREFORE ORDERED that this action is dismissed and that the Clerk enter judgment accordingly.

DATED: January 23, 2018

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

---

[1] Where a plaintiff is proceeding *pro se*, a court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.). Here, as noted above, plaintiff was notified of the deficiencies in the Original Complaint and the First Amended Complaint and afforded the opportunity to amend effectively. Further, the Court's July and November Orders were not erroneous.